UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCANTONIO MORADEN VELAZQUEZ,

v.                               Case No. 8:04-cr-549-T-17EAJ
                                     8:06-cv-1302-T-17EAJ

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant Velazquez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Doc. cv-1; cr-150. The Government filed an abbreviated response to the motion to vacate. Doc. cv-8. Velazquez did not file a reply.

## PROCEDURAL HISTORY

On February 9, 2005, Velazquez pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 App. §§ 1903(a), (g) and (j) and Title 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-44, 54 and 73. At his change of plea hearing, Velazquez expressly waived "the right to appeal [his] sentence or to challenge it collaterally on any ground including the ground that the Court erred in determining the applicable guideline range . . .; that the sentence exceeds the defendant's applicable guideline range as determined by the Court . . .; that the sentence exceeds the statutory maximum penalty or, . . . that the sentence violates the Constitution . . .". Doc. cr-

155 at 29-30.[1]

During Velazquez's change-of-plea hearing, the United States Magistrate Judge reviewed with him his sentence appeal waiver and confirmed that he understood the consequences of that waiver. Doc. cr-155 at 26-33. On July 13, 2006, Velazquez filed the current timely section 2255 motion.

## DISCUSSION

This Court is required to dismiss a section 2255 motion, without requiring the United States to file an answer, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Moreover, if it is clear from the plea agreement and the Rule 11 colloquy that the defendant knowingly and voluntarily waived his right to collaterally attack his sentence, "that waiver should be enforced without requiring the government to brief the merits of the [section 2255 motion]." United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) (addressing appeal waiver).

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). For this Court to enforce such a waiver, the United States need only demonstrate

---

[1] Velazquez's written plea agreement contained a slightly different version of the appeal waiver. In that version, Velazquez expressly waived the right to appeal his sentence, "directly or collaterally, on any ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines . . . ." Doc. cr- 44 at 12-13. At his change of plea hearing, the parties determined that in light of Booker/FanFan, a new version of the appeal waiver was applicable to Velazquez and incorporated the appeal waiver version discussed above into the record. Doc. cr-155 at 26-28. Velazquez was specifically advised that the reason for the new version of the appeal waiver was due to a "new change in the law that's given judges more authority, should we say, to impose a sentence that doesn't strictly follow the guidelines . . . ". Id. at 32.

either (1) that the district court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. See Williams, 396 F.3d at 1342; United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Williams, 396 F.3d at 1342; see also Cockerham, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); Mason, 211 F.3d at 1069 (same). In particular, if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. See Williams, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the motion to vacate); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence

under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers). For the reasons explained below, the record plainly demonstrates that Velazquez waived his right to collaterally challenge his sentence.

Velazquez expressly waived his right to appeal his sentence "the right to appeal [his] sentence or to challenge it collaterally on any ground including the ground that the Court erred in determining the applicable guideline range . . .; that the sentence exceeds the defendant's applicable guideline range as determined by the Court . . .; that the sentence exceeds the statutory maximum penalty or, . . . that the sentence violates the Constitution . . .". Doc. cr- 155 at 29-30.  Therefore, he may not collaterally challenge his sentence, as he purports to do here.  See Williams, 396 F.3d at 1342.  In Williams, the Eleventh Circuit held that a plea agreement waiver provision "preclude[d] a § 2255 claim based on ineffective assistance at sentencing". Id.

Moreover, Velazquez's plea-agreement waiver encompasses a challenge to a sentence based on United States v. Booker, 543 U.S. 220 (2005). See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.) (holding, based on appeal waiver and other provisions in plea agreement, that defendant had "waived any Apprendi/Blakely/Booker claim"), cert. denied, 544 U.S. 1041 (2005); see also United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.) (defendant's argument on appeal, "that the district court erroneously enhanced his sentence using mandatory sentencing guidelines," "should be dismissed because it is within the scope of the sentence appeal waiver"), cert. denied, 125 S. Ct. 2986 (2005).

For this Court to entertain the issues that Velazquez raises in this collateral attack

would permit him a challenge in contravention of the plain meaning of his plea agreement and deny the United States the benefit for which it bargained. See Buchanan, 131 F.3d at 1008; see also United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions, "he cannot have his cake and eat it too"). Here, Velazquez admitted his guilt and agreed not to collaterally attack his sentence in exchange for the United States' agreement to, among other things, move for dismissal of count two, recommend a three-level downward adjustment for acceptance of responsibility, and not oppose application of the "safety valve" provision or a sentence at the low end of the guidelines range. See Doc. cr-44 at 2-4. The terms of the plea agreement are unambiguous and Velazquez will not be permitted to circumvent those terms.

Accordingly, the Court orders:

That Velazquez's motion to vacate Doc. cv-1; cr-150 is denied. The Clerk is directed to enter judgment against Velazquez in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard

v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 13, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  James C. Preston, Jr.
Pro Se:  MARCANTONIO MORADEN VELAZQUEZ